| | |
|---|---|
| DISTRICT COURT, COUNTY OF PARK, STATE OF COLORADO<br>300 Fourth St.<br>Fairplay, CO 80440 | DATE FILED: February 7, 2018 11:12 AM<br>FILING ID: 31F547D99FAD8<br>CASE NUMBER: 2018CV30011 |
| PLAINTIFF: **RICHARD F. TRUJILLO**<br><br>v.<br><br><br>DEFENDANT: **TRIPLE R TRUCKING LLC** | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Jeffrey Scott Lasswell, P.C.<br>Jeffrey Scott Lasswell, #33390<br>104 S. Cascade Ave., Ste 200<br>Colorado Springs, CO 80903<br>Phone Number:   (719) 635-1245<br>FAX: (719) 389-1353<br>E-mail:  lasswell@jslpc.com | Case Number:<br><br><br><br><br><br>Div.: |
| **COMPLAINT** | |

COMES NOW Plaintiff **RICHARD F. TRUJILLO**, by and through his attorneys, Jeffrey Scott Lasswell, P.C., and for his complaint against Defendant, **TRIPLE R TRUCKING LLC**, states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Colorado.

2. Defendant is a Nebraska limited liability company.

3. Jurisdiction is proper in this Court pursuant to *C.R.S. 13-1-124*.

4. Venue is proper under *C.R.C.P. 98(c)(5),* as the tort described below was committed in Park County.

### BACKGROUND AND FACTS

5. On or about, July 15, 2016, Plaintiff was driving his pickup truck southbound on Colorado Highway 285 in Park County, Colorado.

6. As Plaintiff approached a construction zone, traffic ahead of him was stopped by a flag person who had stopped traffic for construction equipment that was on the highway.

7. At or near that same time, date and place, Defendant's employee was traveling southbound on Colorado Highway 285 in an eighteen-wheeler owned or operated by Defendant.

8. Defendant's employee fell asleep at the wheel.

9. Defendant's employee rear ended Plaintiff's vehicle, causing property damages and personal injuries to Plaintiff.

## FIRST CAUSE OF ACTION
### Respondeat Superior Against Triple R Trucking
### General Negligence of Employee

10. Plaintiff incorporates all of the above as if fully set forth herein.

11. On the date time and place set forth above, Defendant's employee owed Plaintiff a duty of care to act as a reasonably careful person would under the same or similar circumstances to protect Plaintiff from bodily injury.

12. Defendant's employee breached that duty by failing to maintain control of his vehicle, and driving into Plaintiff's vehicle, as described above.

13. Defendant's employee breached that duty by failing to maintain a lookout, and driving into Plaintiff's vehicle, as described above.

14. Defendant's employee breached that duty by falling asleep at the wheel and driving into Plaintiff's vehicle, as described above.

15. As a result of Defendant's employee's negligent conduct, Plaintiff suffers from temporary and permanent injuries and disabilities, temporary and permanent physical impairment, and loss of enjoyment of life.

16. Defendant Triple R Tucking is liable for the negligence of its employee under the doctrine of respondeat superior.

## SECOND CAUSE OF ACTION
### Negligent Hiring, Retention and Supervision Against Triple R Trucking LLC

17. Plaintiffs restate and reallege all of the above.

18. Triple R Trucking hired the employee who was driving the truck that rear ended Plaintiff

    ass described above prior to September 15, 2014.

19. Triple R Trucking hired the employee to work as a driver, or subsequent to hiring him, promoted or demoted him to work as a driver.

20. At the time, Triple R Trucking hired, promoted or demoted the employee, it knew or had reason to believe that doing so would create an undue risk of harm to the people with whom the employee would likely have contact in performing customary job duties. See *Raleigh v. Performance Plumbing & Heating, Inc*., 130 P.3d 1011 (Colo. 2006).

21. As a result of Triple R Trucking's conduct, Plaintiff suffers from temporary and permanent injuries and disabilities, temporary and permanent physical impairments, and loss of enjoyment of life.

### THIRD CAUSE OF ACTION
### Negligent Entrustment Against Triple R Trucking Concrete Company

22. Plaintiffs restate and reallege all of the above.

23. Triple R Trucking supplied the employee driving the truck described above with, and permitted him to drive, the truck he was driving at the time he rear ended Plaintiff.

24. The truck was under the control of Triple R Trucking at all times relevant hereto.

25. Triple R Trucking supplied the employee with, and permitted him to drive, the truck either knowing or having reason to know that he intended, or was likely to use, the truck in such a manner as to create an unreasonable risk of harm to others.  See *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992).

26. As a result of Triple R Trucking's conduct, Plaintiff suffers from temporary and permanent injuries and disabilities, temporary and permanent physical impairments, and loss of enjoyment of life.

    WHEREFORE, Plaintiff prays for judgment against Defendant in an amount adequate to compensate him for his temporary and permanent injuries.  As a result of these injuries, Plaintiff has, among other things, temporary and permanent injuries and disabilities, temporary and permanent physical impairment, loss of income and loss of enjoyment of life; Plaintiff further prays for 9% interest, per year, compounded as provided for by *C.R.S. 13-21-101*, court costs, witness fees and such other and further relief as may be just and proper.

    PLAINTIFF DOES NOT DEMAND A TRIAL BY JURY.

Respectfully submitted on February 6, 2018:

                                         Jeffrey Scott Lasswell, P.C.
                                         */s/ Duly signed copy on file*
                                         *at the law offices of Jeffrey*
                                         *Scott Lasswell, P.C.*

                                         _____
                                         Jeffrey Scott Lasswell, #33390
                                         Attorney for Plaintiff

<u>Plaintiff's Address</u>:
1306 Singletree Rd.
Hartsel, CO 80449

*In accordance with C.R.C.P. 121 § 1-29(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*