# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00719-NYW

RICHARD F. TRUJILLO,

    Plaintiff,

v.

TRIPLE R TRUCKING, LLC,

    Defendant.

## ORDER ON MOTION FOR ADVERSE INFERENCE SANCTION

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Triple R Trucking, LLC's ("Defendant" or "Triple R") Motion for Adverse Inference Sanction (or "Motion"), filed November 8, 2018. *See* [#35]. This civil action was referred to the undersigned Magistrate Judge to preside over fully for all purposes. *See* [#17]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. The court concludes that oral argument will not materially assist in the resolution of this Motion. Accordingly, having carefully reviewed the Motion and associated briefing, the entire docket, and the applicable case law, the court **DENIES** the Motion for Adverse Inference Sanction for the reasons stated herein.

## BACKGROUND

    Plaintiff Richard Trujillo ("Plaintiff" or "Mr. Trujillo") initiated this action in the County of Park District Court on or about February 7, 2018, and Defendant removed this action to this District pursuant to 28 U.S.C. § 1332 on March 27, 2018. *See* [#1; #5]. Plaintiff alleges that while driving southbound on Colorado highway 285, he approached a construction zone that had halted southbound traffic. *See* [#5 at ¶¶ 5-6]. At this same time, an employee of Triple R was driving a

Triple R owned and operated eighteen-wheeler truck southbound on Colorado highway 285. *See* [*id.* at ¶ 7]. Plaintiff alleges that Defendant's employee driving the eighteen-wheeler truck fell asleep at the wheel and collided with the rear-end of Mr. Trujillo's car, resulting in property damage and personal injuries to Mr. Trujillo. *See* [*id.* at ¶¶ 8-9]. Because of the traffic collision, Plaintiff filed suit against Triple R, asserting claims for respondeat superior liability based on the employee's negligence, negligent hiring, retention, and supervision, as well as negligent entrustment. *See generally* [#5]. Mr. Trujillo has since dismissed his claims for negligent hiring, retention, and supervision and negligent entrustment because Defendant concedes that the employee was acting within the scope of his employment with Triple R at the time of the accident, leaving only his respondeat superior claim. *See* [#29; #31].

The Parties proceeded with discovery according to the entered Scheduling Order, *see* [#20], albeit with several extensions of time to designate affirmative and rebuttal experts and a recent extension to complete depositions of Mr. Trujillo's experts out-of-time, *e.g.*, [#22; #26; #28; #39]. Because neither party moved for summary judgment, Mr. Trujillo's respondeat superior claim appears to be proceeding to trial, and a Final Pretrial Conference is set for February 8, 2019. *See* [#20]. Defendant filed the instant Motion on November 8, 2018,[1] asserting that Mr. Trujillo failed

---

[1] The court struck without prejudice Defendant's initial motion, having found no basis supporting the requested relief under the Federal Rules of Civil Procedure. *See* [#34]. The instant Motion is substantially identical to the initial motion, relying heavily on Colorado state law and Rule 37 of the Colorado Rules of Civil Procedure, but with the addition of citations to Rule 37 of the Federal Rules of Civil Procedure. Because this action proceeds in the United States District Court for the District of Colorado based on diversity jurisdiction, the court applies Colorado *substantive* law and federal *procedural* law. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) ("In diversity cases, the Erie doctrine instructs that federal courts must apply state substantive law and federal procedural law."); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts"). And because the nature of Defendant's requested relief is procedural, Defendant's reliance on Colorado procedural law, though it may be similar to federal procedural law, is misplaced.

to preserve and/or destroyed his car's bumper and right taillight that Defendant's employee allegedly damaged in the traffic collision and which Plaintiff then repaired. *See* [#35 at 1-2; #37 at 1-3]. Triple R contends that the bumper and right taillight are critical to the issue and nature of Mr. Trujillo's claimed damages, and therefore Triple R seeks an adverse jury instruction under Colorado Jury Instruction, Civil 3:13 so that the jury may draw the inference that Mr. Trujillo lost or destroyed evidence because it was unfavorable to him. *See* [#35 at 3-6; #37 at 2-4]. Mr. Trujillo opposes the requested relief, arguing that the issue is not yet ripe because the court has not set this matter for trial, but if it is ripe, Defendant fails to demonstrate that Mr. Trujillo knew or should have known of the need to preserve the evidence. *See* [#36 at 1-3]. Because the Motion is ripe, I consider the Parties' arguments below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide for discovery procedures that seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007). To protect each party's ability to participate in meaningful discovery, putative litigants have a duty to preserve materials that may be relevant to pending or imminent litigation. *See id.* at 620. "Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Giblin v. Sliemers*, 147 F. Supp. 3d 1207, 1214 (D. Colo. 2015) (internal quotation marks omitted). Rule 37 of the Federal Rules of Civil Procedure provides sanctions for the destruction or loss of evidence. *E.E.O.C. v. Dillon Cos., Inc.*, 839 F. Supp. 2d 1141, 1144 (D. Colo. 2011). The court has discretion to impose sanctions under Rule 37 for abuse of discovery and "inherent power to

impose sanctions for the destruction or loss of evidence." *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1158–59 (D. Colo. 2015); Fed. R. Civ. P. 37(c)(1).

"A spoliation sanction is proper where: (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015) (internal quotation marks omitted). Further, "courts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction." *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008) ("An adverse inference is a powerful sanction as it brands one party as a bad actor and necessarily opens the door to a certain degree of speculation by the jury" (internal quotation marks and citation omitted)). This is because the bad faith destruction of material "relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) ("Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case"). The court has the discretion to impose a lesser sanction based on the culpability of the destructing party. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005)

## ANALYSIS

Triple R first argues that Mr. Trujillo knew or should have known that litigation was imminent such that he had a duty to preserve the damaged bumper and right taillight. *See* [#35 at 4-6; #37 at 1-4]. Mr. Trujillo counters that he had no duty to preserve the bumper and right taillight, because he did not file suit until approximately two years after the repairs at issue and he was not on notice that he was required to preserve this evidence as he did not have an attorney and

Defendant did not request that he preserve it. *See* [#36 at 1-2]. Respectfully, I conclude that Mr. Trujillo had a duty to preserve the bumper and right taillight.

It is axiomatic that the filing of a lawsuit triggers a duty to preserve; however, this obligation may arise earlier if a party has notice that future litigation is likely. *See Estate of Vallina v. Cty. of Teller Sheriff's Office*, No. 15-CV-01802-RM-STV, 2017 WL 1154032, at *5 (D. Colo. Mar. 28, 2017). That is, "a party's duty to preserve arises when it has notice that the documents [or other evidence] might be relevant to a reasonably-defined future litigation." *Zbylski*, 154 F. Supp. 3d at 1164. This determination depends on the facts of the case. *Cache La Poudre*, 244 F.R.D. at 621. If such a duty exists, the inquiry into whether a party has honored its duty is one of reasonableness under the circumstances. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 613 (S.D. Tex. 2010).

Mr. Trujillo testified at his deposition that he began looking for an attorney roughly one week after the traffic collision because his "neck and back [were] hurting." [#35-2 at 91:9-13].[2] Mr. Trujillo further testified that he kept a "summary or diary" of the traffic collision at first. *See* [*id.* at 91:23-92:2]. Thus, it appears that Mr. Trujillo had notice that evidence concerning the damage to his personal property might be relevant to a reasonably-defined action for damages associated with the traffic collision, regardless of when he ultimately secured an attorney or filed suit. *Cf. Mitcham v. Americold Logistics, LLC*, No. 17-CV-00808-WJM-NYW, 2017 WL 4163359, at *4 (D. Colo. Sept. 20, 2017) (concluding that the plaintiff's documenting of alleged employment discrimination in a journal prior to her termination triggered her duty to preserve that journal despite not having retained counsel or filing suit until five months after her termination).

---

[2] In citing to a transcript, the court cites the document number generated by the court's Electronic Court Filing ("ECF") system and the page and line numbers assigned by the transcript.

Next, Triple R must demonstrate prejudice resulting from Plaintiff's despoliation of the bumper and right taillight. *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). Triple R argues that Mr. Trujillo's despoliation of the bumper and right taillight is prejudicial to Triple R because "the bumper and taillight assembly would conclusively establish the severity of the crash, and it would allow for a determination of whether Plaintiff's claimed injuries would even be conceivable." [#35 at 6]. Mr. Trujillo does not address this issue.

"When considering whether the spoliation was prejudicial, a court must first determine whether the evidence would be relevant to an issue at trial." *Giblin*, 147 F. Supp. 3d at 1215 (internal quotation marks and citation omitted). "The burden is on the aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to his cause." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996) (internal brackets, citations, and quotation marks omitted). There is no dispute that Defendant's employee, Scott Allen Davis, was "driving within the course and scope of his employment with Triple R Trucking [when] he made [] rear-end contact with Plaintiff's vehicle." [#35 at 1]. But evidence regarding damage to Mr. Trujillo's bumper and right taillight would be relevant to issues at trial, including damages. *See Davenport v. Cmty. Corr. of Pikes Peak Region, Inc.*, 962 P.2d 963, 966 (Colo. 1998) ("To recover on a claim of negligence, the plaintiff must establish the existence of a legal duty on the part of the defendant, breach of that duty by the defendant, causation, and damages.").

Triple R argues that despite its attempts to "recreate" the despoiled evidence, it has been unsuccessful. *See* [#35 at 5; #37 at 3]. And the court agrees that Defendant has an interest in inspecting the damaged bumper and right taillight. *Cf. Sedrati v. Allstate Life Ins. Co.*, 185 F.R.D. 388, 393 (M.D. Ga. 1998) (holding that the defendant's destructive fingerprint analyses performed

on the original document prejudiced the plaintiff, because the plaintiff's expert could not "duplicate the conditions of the original documents and account for the existence—or absence—of [the plaintiff's] fingerprints on them."). Plaintiff did, however, produce estimates of the repairs performed, *see* [#35-4], and photographs of the damage following the traffic collision, *see* [#35-3]. And I also note that Plaintiff seeks damages for medical bills and non-economic damages, with the damage to Mr. Trujillo's car being but one portion of his claimed damages. *See* [#20 at 4; #31]. Nonetheless, the court concludes that Mr. Trujillo's despoliation of the bumper and taillight prejudices Defendant, as it is no longer able to attempt to correlate the extent of the physical damage to the bumper and taillight to Mr. Trujillo's claims of injury or economic damages.

The above conclusion, however, does not end the court's inquiry. As explained, an adverse inference instruction is appropriate only where there is evidence of intentional destruction or bad faith. *See E.E.O.C. v. JetStream Ground Servs. Inc.*, 878 F.3d 965-66 (10th Cir. 2017). Triple R fails to adduce any such evidence. Instead it argues that because Mr. Trujillo was "fully aware that the parts would be critical evidence in litigation he was looking to initiate, an adverse inference instruction is appropriate." [#35 at 5]. I respectfully disagree. Though the court finds that Mr. Trujillo had a duty to preserve the bumper and right taillight, Mr. Trujillo argues that he had the repairs completed in about July 2016 and did not know to have the repair shop keep the damaged bumper and right taillight after their replacement. *See* [#36 at 1-2]. There is no evidence that any insurance adjuster instructed Mr. Trujillo to maintain the bumper and taillight, or that Mr. Trujillo would have independently known to do so. At most, I find that Mr. Trujillo's despoliation of the bumper and right taillight was negligent, which does not support an adverse inference instruction. *See Aramburu*, 112 F.3d at 1407.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion for Adverse Inference Sanction [#35] is **DENIED**.

DATED: January 16, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge